UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| STELLARBLADE LLC and GRIFFITH CHAMBERS MEHAFFEY,<br><br>           Plaintiffs,<br><br>Versus<br><br>SONY INTERACTIVE ENTERTAINMENT LLC, SHIFT UP CORPORATION, ABC INSURANCE COMPANY, and XYZ INSURANCE COMPANY,<br>           Defendants. | CIVIL ACTION NO. 24-746<br><br>DISTRICT JUDGE _____<br><br>MAGISTRATE JUDGE _____ |

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

Plaintiffs, STELLARBLADE LLC and GRIFFITH CHAMBERS MEHAFFEY (collectively, "Plaintiffs"), through undersigned counsel, allege the following in support of their Complaint against Defendants, SHIFT UP CORPORATION, SONY INTERACTIVE ENTERTAINMENT LLC, ABC INSURANCE COMPANY, and XYZ INSURANCE COMPANY (collectively, "Defendants"), for, inter alia, trademark infringement, trade dress infringement, unfair competition, and related state law claims:

**NATURE OF THE CASE**

1. This is an action for trademark infringement under the Lanham Act, 15 U.S.C. § 1051, et seq., trade dress infringement, unfair competition, and related state law claims due to Defendants' unlawful use of the mark STELLAR BLADE and associated trade dress in connection with the development, marketing, distribution, and sale of video game software and related goods and services.

1

**PARTIES**

2. Plaintiff Stellarblade LLC is a Louisiana limited liability company with its principal place of business at 1775 North Columbia Street #2112, Covington, Louisiana 70433.

3. Plaintiff Griffith Chambers Mehaffey ("Mehaffey") is an individual citizen of Louisiana residing in Covington, Louisiana.

4. Upon information and belief, Defendant Sony Interactive Entertainment LLC ("SIE") is a California limited liability company with its principal place of business at 2207 Bridgepointe Parkway, San Mateo, California 94404.

5. Upon information and belief, Defendant SHIFT UP Corporation ("SHIFT UP") is a corporation organized under the laws of South Korea, with an address at 4F, 14F, 15F, 55, Seocho-daero 77-gil, Seocho-gu Seoul, South Korea.

6. Upon information and belief, ABC Insurance Company, the identify of which is unknown at this time, had a policy of liability insurance in place at all relevant times covering SHIFT UP for the allegations contained in this Complaint. Plaintiffs will seek leave of Court to amend this Complaint to state Defendant ABC Insurance Company's proper legal name when it is ascertained.

7. Upon information and belief, XYZ Insurance Company, the identify of which is unknown at this time, had a policy of liability insurance in place at all relevant times covering SIE for the allegations contained in this Complaint. Plaintiffs will seek leave of Court to amend this Complaint to state Defendant XYZ Insurance Company's proper legal name when it is ascertained.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, and 1338(a) and (b). This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) with respect to the state law claims asserted herewith.

9. This Court has personal jurisdiction over Defendants because they are transacting business in this State and have caused harm or tortious injury in this State by acts within this State. Upon information and belief, Defendants are currently advertising, selling, and distributing infringing goods and services within the Middle District of Louisiana.

10. Venue in this District is proper under 28 U.S.C. § 1391(b)-(d). A substantial part of the acts of infringement complained of herein occurs or has occurred in this District.

## FACTUAL BACKGROUND

### Plaintiffs' STELLARBLADE Mark

11. Plaintiff Mehaffey is in the business of providing multimedia entertainment services under the STELLARBLADE mark, including but not limited to:

   a. Production of motion picture films, documentaries, commercials, and music videos;

   b. Development, creation, and post-production services for multimedia entertainment content;

   c. Recording and production services for music, video, and films;

   d. Multimedia production services for various entertainment platforms.

12. Plaintiff Mehaffey has been using the highly unique STELLARBLADE mark in commerce in connection with multimedia entertainment services exclusively and continuously since at least as early as June 15, 2010.

13. The STELLARBLADE mark is highly distinctive and unique. It is an arbitrary term that combines the word 'STELLAR,' suggesting excellence or relating to stars, with 'BLADE,'

3

which can evoke imagery of cutting-edge technology or sharp precision. This combination creates a distinctive and memorable mark that is not descriptive of Plaintiffs' services but rather serves as a strong source identifier.

14. Plaintiff Mehaffey owns and operates the website www.stellarblade.com, which has been owned since at least as early as November 3, 2006 and actively used in connection with Plaintiffs' services since at least as early as February 7, 2011.

15. Plaintiffs have been continuously and exclusively using the STELLARBLADE mark in commerce since 2010, establishing a significant presence in the multimedia entertainment industry. Through their website www.stellarblade.com and various digital platforms, Plaintiffs' services have been accessible to and used by clients throughout the United States for over a decade.

16. Plaintiffs' work includes high-profile projects such as filming a television commercial for Mini Cooper that was broadcast nationwide during the Super Bowl, demonstrating the exposure of Plaintiffs' work to a broad national audience. The STELLARBLADE mark has become synonymous with professional, high-quality multimedia production services, cementing Plaintiffs' reputation in the digital entertainment landscape.

17. On June 23, 2023, Plaintiff Mehaffey filed Application Serial No. 98/056,825 with the United States Patent and Trademark Office to register the mark STELLARBLADE for "Multimedia entertainment services in the nature of development, production and post-production services in the fields of video and films; Multimedia entertainment services in the nature of recording, production and post-production services in the fields of music, video, and films; Entertainment services in the nature of production of Motion Picture Films, Documentaries, Commercials, Music Videos, Television Series; Entertainment services in the nature of development, creation, production and post-production services of multimedia entertainment

4

content; Entertainment services, namely, multimedia production services" in International Class 041.

18. Plaintiffs also registered the STELLARBLADE logo with the Louisiana and Mississippi Secretaries of State. The Louisiana registration, Registration #79-2435, was issued on August 30, 2023 for use in connection with "media marketing & film production." The Mississippi registration, State Registration Number 107568, was issued on November 13, 2023 for use in connection with "Media, independent films, documentaries, music videos, and commercials."

19. Plaintiffs' STELLARBLADE logo features a distinctive color scheme of electric blue and white and includes a highly stylized, curved "S":



**Defendants' Infringing Conduct**

20. Defendant SHIFT UP is a video game developer. Upon information and belief, in or around 2019, SHIFT UP began development of a new video game series, known at the time as "PROJECT EVE."

21. In or around September 2022, during the game's development, Defendant SHIFT UP announced that it would change the name of its forthcoming game to "STELLAR BLADE," despite the pre-existing use of the highly similar STELLARBLADE mark by Plaintiffs.

22. Soon thereafter, on January 4, 2023, Defendant SHIFT UP filed Application Serial No. 79/362,013 to register the mark STELLAR BLADE with the United States Patent & Trademark Office for various goods and services related to video games in International Classes 009 and 041.

23. On July 14, 2023, nearly a year prior to the game's 2024 launch, Plaintiff Mehaffey sent a cease-and-desist letter to Defendant SHIFT UP, advising that the name of its forthcoming game was "almost identical" to Plaintiffs' business name and that the inherent confusion has "already caused numerous problems" including "conflicts of product branding and confusing clients." Defendants ignored this communication and proceeded with its plans.

24. Defendants moved forward with releasing the STELLAR BLADE video game in the United States on April 26, 2024, despite being on notice that Plaintiffs were already using the identical name in the United States for more than a decade and the potential for confusion.

25. Defendant SHIFT UP filed Application Serial No. 79/403,054 on May 3, 2024, to register the mark STELLAR BLADE (Stylized) with the United States Patent & Trademark Office for various goods and services related to video games in International Classes 009 and 041.

26. As with Plaintiffs' logo, Defendants' stylized logo features an electric blue and white color scheme and includes a highly stylized, curved "S", creating a confusingly similar trade dress to Plaintiffs' STELLARBLADE logo:



6

27. Upon information and belief, Defendant SIE, as the publisher of the STELLAR BLADE video game, has played a significant role in the widespread distribution, marketing, and sale of the game bearing the infringing STELLAR BLADE mark and associated trade dress. SIE has utilized its extensive resources and market presence to promote the STELLAR BLADE game through various channels, including but not limited to its PlayStation Store, physical retail distributions, online advertisements, and promotional events. SIE's actions have substantially contributed to the visibility and market penetration of the infringing STELLAR BLADE mark and trade dress, exacerbating the likelihood of confusion with Plaintiffs' STELLARBLADE mark and causing significant harm to Plaintiffs' business and reputation.

28. Defendants' use of the STELLAR BLADE mark and associated trade dress so resembles Plaintiffs' previously used STELLARBLADE mark and trade dress as to be likely, when applied to Defendants' goods and services, to cause confusion, mistake, or deception under Section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d).

29. The registration and use of Defendants' STELLAR BLADE mark and associated trade dress is likely to cause reverse confusion. Reverse trademark confusion occurs when a larger company uses a smaller senior user's trademark such that consumers assume the senior user's mark is associated with or infringing the junior user's mark. Here, consumers are led to believe that Plaintiffs' long-established services originate from, are associated with, or are sponsored by Defendants, thereby damaging Plaintiffs' goodwill and reputation built over more than a decade of use.

30. The threat of the loss of Plaintiffs' right to control the use of their mark and the reputation of their services is real and substantial. This loss is further enhanced by the fact that

Defendants, as larger and more well-known entities in the video game and entertainment industry, have significantly greater marketing power and reach than Plaintiffs.

31. Due to Defendants' blatant infringement and misleading advertising practices, internet searches for Plaintiffs' STELLARBLADE mark now only direct consumers to Defendants' STELLAR BLADE products. This redirection of consumer attention further exacerbates the likelihood of reverse confusion, potentially causing significant harm to Plaintiffs' business and reputation.

32. Defendants have used and continue to use the STELLAR BLADE mark and associated trade dress in commerce in connection with the advertising, marketing, promotion, distribution, and sale of video game software and related goods and services.

33. Defendants' use of the STELLAR BLADE mark and associated trade dress is without Plaintiffs' consent or authorization.

34. Defendants' use of the STELLAR BLADE mark and associated trade dress is likely to cause confusion, mistake, and deception among the general public as to the origin of the goods and services, and is likely to deceive the public into believing that Defendants' goods and services originate from, are associated with, or are otherwise authorized by Plaintiffs, all to the damage and detriment of Plaintiffs' reputation, goodwill, and sales.

35. Defendants' use of the STELLAR BLADE mark and associated trade dress is likely to cause dilution of the distinctive quality of Plaintiffs' STELLARBLADE mark and trade dress.

36. Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiffs and to their valuable reputation and goodwill with the consuming public for which Plaintiffs have no adequate remedy at law.

## CLAIMS FOR RELIEF

### COUNT I - FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1125(a))

37. Plaintiffs incorporate herein by reference each and every averment contained in the foregoing paragraphs as if fully set forth herein.

38. Plaintiffs' STELLARBLADE mark is distinctive and has been used in commerce since at least as early as June 15, 2010.

39. Defendants' use in commerce of the confusingly similar STELLAR BLADE mark is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiffs, or as to the origin, sponsorship, or approval of Defendants' goods and services by Plaintiffs.

40. Defendants' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Defendants' goods and services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendants' goods and services originate from, are associated or affiliated with, or are otherwise authorized by Plaintiffs.

41. Upon information and belief, Defendants' infringing acts as alleged herein have resulted in actual confusion in the marketplace.

42. Upon information and belief, Defendants' acts demonstrate a callous disregard for Plaintiffs' prior rights in the STELLARBLADE mark, causing confusion and deception in the marketplace, and diverting potential sales of Plaintiffs' goods and services to Defendants.

43. Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiffs and to their valuable reputation and goodwill with the consuming public for which Plaintiffs have no adequate remedy at law.

44. Additionally, Plaintiffs' business has been damaged to the extent Defendants' actions create reverse trademark confusion, causing consumers to mistakenly believe that Plaintiffs' long-established STELLARBLADE services originate from, are associated with, or are sponsored by Defendants.

45. Plaintiffs are entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT II - FEDERAL TRADE DRESS INFRINGEMENT (15 U.S.C. § 1125(a))**

46. Plaintiffs incorporate herein by reference each and every averment contained in the foregoing paragraphs as if fully set forth herein.

47. Plaintiffs' STELLARBLADE trade dress, including the distinctive color scheme of baby blue and white and the highly stylized, curved "S", is inherently distinctive and has acquired secondary meaning in the marketplace.

48. Defendants' use of a confusingly similar trade dress in connection with their STELLAR BLADE mark is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiffs, or as to the origin, sponsorship, or approval of Defendants' goods and services by Plaintiffs.

49. Defendants' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Defendants' goods and services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendants' goods and services originate from, are associated or affiliated with, or are otherwise authorized by Plaintiffs.

10

50. Upon information and belief, Defendants' infringing acts as alleged herein have resulted in actual confusion in the marketplace.

51. Upon information and belief, Defendants' acts demonstrate a callous disregard for Plaintiffs' prior rights in the STELLARBLADE trade dress, causing confusion and deception in the marketplace, and diverting potential sales of Plaintiffs' goods and services to Defendants.

52. Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiffs and to their valuable reputation and goodwill with the consuming public for which Plaintiffs have no adequate remedy at law.

53. Plaintiffs are entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT III - FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))**

54. Plaintiffs incorporate herein by reference each and every averment contained in the foregoing paragraphs as if fully set forth herein.

55. Defendants' use of the STELLAR BLADE mark and associated trade dress creates a false designation of origin and a misleading representation of fact as to the origin and sponsorship of Defendants' goods and services.

56. Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

57. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiffs, and to their goodwill and reputation, and will continue to both damage Plaintiffs and confuse the public unless enjoined by this court. Plaintiffs have no adequate remedy at law.

58. Plaintiffs are entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

### COUNT IV - LOUISIANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (LA. R.S. 51:1401, ET SEQ.)

59. Plaintiffs incorporate herein by reference each and every averment contained in the foregoing paragraphs as if fully set forth herein.

60. Defendants' conduct as alleged herein constitutes unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. 51:1401, et seq.

61. Defendants' unauthorized use of the STELLAR BLADE mark and associated trade dress is likely to cause confusion as to the source, sponsorship, or approval of Defendants' goods and services.

62. Defendants' conduct has caused, and is likely to continue to cause, substantial injury to consumers and to Plaintiffs' business reputation and goodwill.

63. As a direct and proximate result of Defendants' unfair and deceptive acts, Plaintiffs have suffered and will continue to suffer damages in an amount to be proven at trial.

64. Pursuant to La. R.S. 51:1409, Plaintiffs are entitled to recover their actual damages, attorneys' fees, and costs.

65. Defendants' actions were and are knowing, willful, and in reckless disregard of Plaintiffs' rights.

66. In the event that Plaintiffs show that Defendants' infringing actions continued after notice by the Attorney General, Plaintiffs will be entitled to three times the damages sustained.

**COUNT V - LOUISIANA TRADEMARK INFRINGEMENT (LA. R.S. 51:211, *ET SEQ.*)**

67. Plaintiffs incorporate herein by reference each and every averment contained in the foregoing paragraphs as if fully set forth herein.

68. Plaintiffs own valid and protectable rights in the STELLARBLADE mark and associated trade dress in the State of Louisiana, as evidenced by Trade Name Registration #79-2435 issued by the Louisiana Secretary of State on August 30, 2023.

69. Defendants' use of the confusingly similar STELLAR BLADE mark and associated trade dress is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval of Defendants' goods and services.

70. Defendants' conduct constitutes trademark infringement in violation of La. R.S. 51:222.

71. As a direct and proximate result of Defendants' infringement, Plaintiffs have suffered and will continue to suffer damages in an amount to be proven at trial.

72. Defendants' actions were and are knowing, willful, and in reckless disregard of Plaintiffs' rights. Therefore, Plaintiffs are entitled to recover treble damages, reasonable attorney fees, and costs pursuant to La. R.S. 51:223.

**COUNT VI - LOUISIANA TRADEMARK DILUTION (LA. R.S. 51:223.1)**

73. Plaintiffs incorporate herein by reference each and every averment contained in the foregoing paragraphs as if fully set forth herein.

74. Plaintiffs' STELLARBLADE mark and trade name are distinctive and have acquired substantial goodwill within the State of Louisiana.

75. Defendants' use of the STELLAR BLADE mark began after Plaintiffs' STELLARBLADE mark had become distinctive and acquired goodwill.

76. Defendants' use of the STELLAR BLADE mark is likely to cause dilution by blurring and/or dilution by tarnishment of Plaintiffs' STELLARBLADE mark.

77. Defendants' conduct is likely to cause injury to Plaintiffs' business reputation and dilute the distinctive quality of Plaintiffs' STELLARBLADE mark and trade name.

78. Defendants' conduct constitutes trademark dilution in violation of La. R.S. 51:223.1.

79. As a direct and proximate result of Defendants' dilution, Plaintiffs have suffered and will continue to suffer damages in an amount to be proven at trial.

80. Plaintiffs are entitled to injunctive relief to prevent further dilution of their STELLARBLADE mark and trade name.

81. Defendants' actions were and are willful, making this an exceptional case entitling Plaintiffs to recover reasonable attorney fees.

**COUNT VII - LIABILITY FOR ACTS CAUSING DAMAGES (LA. C.C. ARTICLE 2315)**

82. Plaintiffs incorporate herein by reference each and every averment contained in the foregoing paragraphs as if fully set forth herein.

83. Defendants are liable for damages under Louisiana Civil Code Article 2315 for damages caused by the above-described wrongful and ongoing acts, as set forth in detail above.

**COUNT VIII - MISSISSIPPI TRADEMARK INFRINGEMENT (MISS. CODE ANN. § 75-25-21)**

84. Plaintiffs incorporate herein by reference each and every averment contained in the foregoing paragraphs as if fully set forth herein.

85. Plaintiffs own valid and protectable rights in the STELLARBLADE mark and associated trade dress in the State of Mississippi, as evidenced by State Registration Number 107568 issued by the Mississippi Secretary of State on November 13, 2023.

86. Defendants' use of the confusingly similar STELLAR BLADE mark and associated trade dress is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval of Defendants' goods and services.

87. Defendants' conduct constitutes trademark infringement in violation of Miss. Code Ann. § 75-25-21.

88. As a direct and proximate result of Defendants' infringement, Plaintiffs have suffered and will continue to suffer damages in an amount to be proven at trial.

89. Defendants' actions were and are knowing, willful, and in reckless disregard of Plaintiffs' rights. Therefore, Plaintiffs are entitled to recover damages, including potential treble damages, reasonable attorney fees, and costs pursuant to Miss. Code Ann. § 75-25-23.

## DEMAND FOR JURY TRIAL

90. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Griffith Chambers Mehaffey and Stellarblade LLC pray for judgment against Defendants as follows:

a. That Defendants, their officers, agents, servants, employees, and attorneys, and all those persons in active concert or participation with them be permanently enjoined and restrained from:

   i. Using the STELLAR BLADE mark or any other mark, word, or name confusingly similar to Plaintiffs' STELLARBLADE mark;

   ii. Using any trade dress confusingly similar to Plaintiffs' STELLARBLADE trade dress;

   iii. Otherwise infringing Plaintiffs' STELLARBLADE mark or trade dress;

   iv. Unfairly competing with Plaintiffs in any manner whatsoever;

      v.      Causing likelihood of confusion, injury to business reputation, or dilution of the distinctiveness of Plaintiffs' STELLARBLADE mark or trade dress; and

      vi.      Affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, or offering for sale of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiffs.

b. That Defendants be required to deliver to Plaintiffs for destruction all materials in their possession or control bearing the infringing STELLAR BLADE mark or trade dress, or any confusingly similar variation thereof.

c. That Defendants be required to pay to Plaintiffs such damages as Plaintiffs have sustained as a consequence of Defendants' infringement of Plaintiffs' STELLARBLADE mark and trade dress, unfair competition, and other unlawful acts, and to account for and pay over to Plaintiffs all gains, profits, and advantages derived by Defendants from their infringing acts, said amount to be trebled as provided by law.

d. That Defendants be required to pay to Plaintiffs exemplary and punitive damages to deter future infringing conduct.

e. That Defendants be required to pay enhanced damages due to Defendants' willful infringement and the exceptional nature of this case;

f. That Defendants be required to pay to Plaintiffs the costs of this action and reasonable attorneys' fees incurred herein.

g. That Plaintiffs be granted prejudgment and post-judgment interest.

h. That the Court grant Plaintiffs such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

*/s/ Brad E. Harrigan*
Brad E. Harrigan (Bar No. 29592)
**TOLAR HARRIGAN & MORRIS LLC**
8630 Oak Street
New Orleans, LA 70118
Telephone:  (504) 571-5317
Facsimile:  (504) 571-5437
bharrigan@nolaipa.com

*Counsel for Griffith Mehaffey and Stellarblade LLC*